UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DENNIS J. MIRACLE**                                                                                    **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:14CV-P690-JHM**

**JOHN G. REIVOUS** *et al.*                                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Dennis J. Miracle, a prisoner currently incarcerated at Kentucky State Reformatory (KSR), filed a *pro se* complaint under 42 U.S.C. § 1983 (DN 1).  Plaintiff's complaint contained deficiencies which the Court ordered Plaintiff to fix.  Plaintiff has responded to the Court's Orders directing him to fix the deficiencies (DNs 1-3, 1-4 & 11).  This matter is now before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

For the reasons that follow, the Court will allow the Eighth Amendment excessive-force claims seeking monetary damages to proceed against Defendants in their individual capacities. All other claims will be dismissed from this action.

### I. SUMMARY OF CLAIMS

It appears that Plaintiff is suing two Defendants, Lieutenant John G. Reivous and Lieutenant Jeff Brady, in both their individual capacities and their official capacities as employees of KSR.  Plaintiff seeks monetary damages and asks the Court to order "Parole 1 YR 5 MONTH AFTOR PLEE AGREMENT AUG 2010."

Plaintiff states that while in segregation, he fell into the bars of the cell and knocked a cup of cool aid which spilled on a guard.  As a result of this incident, Plaintiff states that

Defendant Brady punched Plaintiff in the face through the bars of the cell and knocked him to the floor. Plaintiff states that it took three people to help him back to his bed. According to Plaintiff, Defendant Reivous sprayed him from his head to his waist with mace. Plaintiff states that this took his breath away and resulted in an eye condition. According to Plaintiff, when Defendant Reivous found out that Plaintiff was handicapped and disabled, he had four guards come to his cell and help him to the shower.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

*A. Official-Capacity Claims*

Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

3

37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). The Eleventh Amendment similarly bars the damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against a state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Plaintiff sues Defendants in their official capacities as employees of KSR. Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by Eleventh Amendment immunity.

Accordingly, the official-capacity claims seeking monetary damages will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(2).

*B. Individual-Capacity Claims*

Plaintiff alleges the use of excessive force by Defendants. He complains about being punched by Defendant Reivous and being sprayed with mace by Defendant Brady.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9. Of course, not "every malevolent touch by a prison guard gives rise to a federal cause of action," *id.* at 9, and "*de minimis* uses of physical force" do not support a

4

constitutional claim "provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Id.* at 10 (citations and internal quotation marks omitted). Furthermore, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979).

Upon review, the Court will allow the Eighth Amendment excessive-force claims against Defendants to proceed past initial screening.

*C.  Release on Parole*

In *Preiser v. Rodriguez*, state prisoners sought, through filing both an action under 42 U.S.C. § 1983 and a habeas corpus action, restoration of their good-time credits that had been cancelled as the result of prison disciplinary proceedings. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, the Supreme Court addressed whether habeas corpus is the exclusive remedy when a prisoner is challenging the fact or duration of his confinement. *Id.* The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Such a challenge would be subject to the exhaustion requirements of a habeas corpus action. *Id.* at 489-93.

In the present case, Plaintiff appears to be seeking release on parole. Habeas corpus is his exclusive remedy for seeking to obtain such relief.

Accordingly, Plaintiff's claim for release on parole will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:  (1) the official-capacity claims seeking monetary damages are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(2) since they seek monetary relief from a Defendant who is immune from such relief; and (2) the claim seeking release on parole is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Eighth Amendment excessive-force claims seeking monetary damages will proceed against Defendant Reivous and Defendant Brady in their individual capacities.

The Court will enter a separate Scheduling Order directing service and governing the development of the continuing claims.  In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date:  May 19, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.003