UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DENNIS J. MIRACLE**                                                       **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 3:14CV-P690-JHM**

**JOHN G. REIVOUS** *et al.*                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

By Memorandum Opinion and Order entered May 22, 2015 (DN 14), the Court performed an initial review of Plaintiff Dennis J. Miracle's *pro se* complaint and allowed the Eighth Amendment excessive-force claims seeking monetary damages to proceed against Defendants Reivous and Brady in their individual capacities. The Court dismissed all of the other claims

Plaintiff has now filed an amended complaint (DN 18), which is currently before the Court for initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will allow the Eighth Amendment excessive-force claim seeking monetary damages to proceed against the newly added Defendant, Patrick Hawkins.

**I.**

In his original complaint, Plaintiff alleged the unconstitutional use of force by Defendants Reivous and Brady. According to Plaintiff, while he was in segregation, he fell into the bars of the cell and knocked a cup of cool aid which spilled on a guard. As a result of this incident, Plaintiff stated that Defendant Brady punched Plaintiff in the face through the bars of the cell and knocked him to the floor. Plaintiff stated that it took three people to help him back to his bed. According to Plaintiff, Defendant Reivous sprayed him from his head to his waist with mace. Plaintiff stated that this took his breath away and resulted in an eye condition. According to

Plaintiff, when Defendant Reivous found out that Plaintiff was handicapped and disabled, he had four guards come to his cell and help him to the shower.

In the amended complaint which is now before the Court, Plaintiff states as follows:

> BRADY HiT ME THREW CELL BARS REiVOUS MASED MY FACE AN EYES NO JUST CAUSE HAWKiNS USED FEET OR KNEES TO HOLD ME WHiLE TWO SARGENTS CUFFENDN THEN ALL 3 CARRIED ME FROM DAL TO SEG 3 MAX CELL DROPED ME In floor of ceeL RiGHT AMY ROBiE TOOK PiCTURES OF MY CONTUSiONS AN BRUSES MAKiNG THiS MY THiRD ASSAULT BY STAFF . . . .

Further, Plaintiff requests that his "FiST CiviL ACTiON AND iNcLuDE CAPTAiN HAWkiNS wiTH LouT BRADY AN LouT REiVOUS." In both the caption of the complaint and the portion of the compliant seeking the names of the parties, Plaintiff has listed both Patrick Hawkins and Kentucky State Reformatory as Defendants.

## II.

Because Plaintiff is a prisoner suing a governmental entity and officer and is proceeding *in forma pauperis*, the Court must review the amended complaint pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a trial court shall dismiss a complaint, or any portion thereof, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

## III.

### A. *Kentucky State Reformatory*

Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*,

2

506 U.S. 139, 144-47 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); s*ee also Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at * 2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."); *Odom v. Ky. State Reformator*y, No. 3:09CV-P352-S, 2009 WL 1799125, at *1 (W.D. Ky. June 24, 2009) (stating that "state officials sued in their official capacities for damages and the Kentucky State Reformatory are absolutely immune from liability under the Eleventh Amendment to the United States Constitution"). Further, Defendant Kentucky State Reformatory is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Accordingly, Kentucky State Reformatory and the claim against it will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(2) since this claim seeks relief from a Defendant who is immune from such relief.

**B.  *Defendant Patrick Hawkins***

Plaintiff alleges the use of excessive force by Defendant Hawkins. He complains that Defendant Hawkins used his feet or knees to hold Plaintiff down while being punched and sprayed with mace by Defendants Reivous and Brady.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9. Of course, not "every malevolent touch by a prison guard gives rise to a federal cause of action," *id.* at 9, and "*de minimis* uses of physical force" do not support a constitutional claim "provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Id.* at 10 (citations and internal quotation marks omitted). Furthermore, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979).

Upon review, the Court will allow the Eighth Amendment excessive-force claim against Defendant Hawkins to proceed past initial screening.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that **Kentucky State Reformatory** and the claim against it are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief from a Defendant who is immune from such relief.

The **Clerk of Court** is **DIRECTED** to remove Kentucky State Reformatory as a Defendant in this action.

**IT IS FURTHER ORDERED** that the Eighth Amendment excessive-force claim seeking monetary damages will proceed against Defendant Hawkins in his individual capacity.

The Court will enter a separate Scheduling Order directing service and governing the development of the continuing claim. In permitting the claim to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: June 24, 2015

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.003