UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DENNIS J. MIRACLE                                                                 PLAINTIFF

v.                                            CIVIL ACTION NO. 3:14CV-P690-JHM

JOHN G. REIVOUS *et al*.                                                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is a motion for summary judgment filed by counsel on behalf of

Defendant Patrick Hawkins (DN 40).  Plaintiff has responded (DN 41) to the motion.  For the

reasons set forth below, the motion will be denied.

## I.  SUMMARY OF CLAIMS

In his complaint, Plaintiff, who identifies himself as handicapped, states that while in

segregation, he fell into the bars of the cell and knocked a cup of cool aid which spilled on a

guard.  As a result of this incident, Plaintiff alleges that Defendant Jeff Brady punched Plaintiff

in the face through the bars of the cell and knocked him to the floor.  Plaintiff states that it took

three people to help him back to his bed.  According to Plaintiff, Defendant John G. Reivous

sprayed him from his head to his waist with mace.  Plaintiff asserts that this took his breath away

and resulted in an eye condition.  After performing initial review of this case, the Court allowed

Eighth Amendment excessive-force claims to proceed against Defendants Brady and Reivous in

their individual capacities.

Subsequent to initial review, Plaintiff filed an amended complaint in which he sought, in

part, to add Patrick Hawkins as a Defendant in this case.  Plaintiff alleges that Defendant

Hawkins used his feet or knees to hold Plaintiff down during the cool-aid incident involving

Defendants Brady and Reivous.  The Court performed initial review of the new claims in the

amended complaint and allowed an Eighth Amendment excessive-force claim to proceed against Defendant Hawkins also.

## II.  SUMMARY OF ARGUMENTS

Only Defendant Hawkins has filed the present motion for summary judgment.  In his motion, Defendant argues that Plaintiff is a "maximum assaultive inmate" who has been adjudicated guilty of numerous violations.  Defendant states that he was only involved in one incident with Plaintiff.  That incident involved Plaintiff "traveling around KSR completely nude" and refusing to get dressed.  Defendant states that counsel has been unable to locate any document to support Plaintiff's excessive-force claim.  Defendant denies ever using excessive physical force against Plaintiff, and he states that if he applied force to Plaintiff he was "merely engaged in policy-approved restraint techniques."  Defendant submits that "the filing of this lawsuit was designed as 'payback' against Defendant Hawkins for simply doing his job."  Defendant requests the Court to dismiss this action and determine that the action "was factually frivolous and/or legally without merit."

In response to the motion, Plaintiff filed a declaration.  In the declaration, Plaintiff defines the torts of assault and battery.  He states that Defendant is not entitled to summary judgment.  Plaintiff contends that he has shown both the objective and subjective components of an Eighth Amendment claim.  Plaintiff states that because he is a disabled prisoner he has greater rights under the Americans with Disabilities Act.  Plaintiff further states that Kentucky State Reformatory (KSR) refused the Court's Order to produce to Plaintiff pictures of the alleged wrongful event.  Plaintiff states that he has pictures and witness statements that support the

assault and battery against him.[1]  Plaintiff also discusses a legal mail issue and demands a jury trial.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party must meet its burden of showing that there is no genuine dispute by:

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely "show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the

---

[1] The Court notes that Plaintiff has not submitted copies of any of the pictures or witness statements to which he refers.

absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

## IV.  ANALYSIS

### A.  *Summary Judgment*

In his motion, Defendant contends that Plaintiff is a maximum assaultive inmate who has been adjudicated guilty of numerous violations. Defendant states that he was only involved in one incident with Plaintiff. He identifies this incident as disciplinary violation KSR-2015-0686. Defendant states that the incident involved Plaintiff "traveling around KSR completely nude" and refusing to get dressed. Defendant states that his counsel has been unable to locate any document to support Plaintiff's excessive-force claim.

Although Defendant attaches copies of many of Plaintiff's disciplinary violations, Defendant fails to attach a copy of the one incident in which he contends he was involved and, as to the disciplinary violations he does attach to the summary judgment motion, Defendant fails to connect these violations to the alleged wrongful incident about which Plaintiff complains. Although Plaintiff has failed to state the exact date that the alleged wrongful incident occurred,

he has provided a general time period.  Defendant has not cited to or attached any discovery materials or other materials to either refute or deny that the alleged event occurred.  If Defendant is attempting to do so by providing the disciplinary violations, he has failed to attach any affidavit stating that these are true and complete copies of Plaintiff's disciplinary violations. Thus, the fact that no disciplinary violation regarding the incident about which Plaintiff complains is included in the documents attached to the motion for summary judgment fails to support Defendant's assertion that he was not involved in the incident about which Plaintiff complains.

Defendant denies ever using excessive physical force against Plaintiff, and he states that if he applied force to Plaintiff he was "merely engaged in policy-approved restraint techniques." Defendant submits that "the filing of this lawsuit was designed as 'payback' against Defendant Hawkins for simply doing his job."  Defendant fails to support any of these assertions. Defendant does not include an affidavit describing policy-approved restraint techniques nor does he include any affidavit in which he denies using excessive physical force against Plaintiff.  He does not cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" as required by Rule 56 to support these assertions.  Fed. R. Civ. P. 56(c)(1).  Defendant provides nothing in support of his motion except the arguments made by counsel in the motion.

Defendant has completely failed to meet his burden of showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For these reasons, Defendant's motion for summary judgment will be denied.

### B.  Proceeding Defendants

In his motion for summary judgment, Defendant Hawkins refers to "former Defendant Lt. Brady" and "former Defendant Reivous."  The Court feels it is necessary to address these statements made by Defendant Hawkins in order to clear up any confusion regarding the remaining Defendants in this action.  There is nothing in the record of this action indicating that Defendant Brady or Defendant Reivous have been terminated from this action.  Upon initial review of this action, the Court allowed Eighth Amendment excessive-force claims to proceed against Defendants Brady and Reivous in their individual capacities (DNs 14 & 15).  Subsequent to initial review, Plaintiff filed an amended complaint in which he sought, in part, to add Patrick Hawkins as a Defendant in this case.  The Court performed initial review of the new claims in the amended complaint and allowed an Eighth Amendment excessive-force claim to proceed against Defendant Hawkins also (DNs 19 & 20).  Thus, there is an Eighth Amendment excessive-force claim proceeding in this action against three Defendants--Brady, Reivous, and Hawkins.

The general rule is that "[w]hen a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading."  *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011).  "If, however, the party submitting the pleading clearly intended the latter pleading to supplement, rather than supersede, the original pleading, some or all of the original pleading can be incorporated in the amended pleading."  *Id.* at 811-12 (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010)); *see also Anson v. Corr. Corp. of Am.*, No. 4:06-CV-1672, 2007 WL 1467058, at *1 n.2 (N.D. Ohio May 16, 2007) ("Although an amended complaint takes the place of the original pleading, this one is clearly intended to supplement and not replace the original complaint.  The

court will therefore construe them together, and will refer to them collectively as the amended complaint.").

In the present case, Plaintiff's amended complaint clearly includes Brady, Reivous, and Hawkins as Defendants. The amended complaint sets forth the same incident about which Plaintiff complains in his complaint and adds factual allegations against Hawkins. Further, in the amended complaint, Plaintiff asks that his first civil action include Hawkins along with Brady and Reivous. It is clear that Plaintiff's intent was not to interpose a new superseding pleading, but was to add claims to his original complaint, which is how the Court treated the amended complaint. "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, this Court is under an obligation to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e). In performing initial review on the amended complaint, the Court did not dismiss the proceeding claims against Defendants Brady and Reivous. There is no order in this case that dismisses either of these Defendants from this case.

Defendants have throughout this action, until these statements about *former* Defendants made in Hawkins's motion for summary judgment, seemingly operated under the presumption that Plaintiff's Eighth Amendment claims have been proceeding against all three Defendants-- Brady, Reivous, and Hawkins. All three Defendants filed an answer to the amended complaint (DN 30). It is unclear upon what basis Defendant Hawkins asserts that Brady and Reivous are former Defendants in this action. However, it is clear that this is an erroneous assertion. Jeff Brady and John G. Reivous remain Defendants in this action.

### C.  Discovery Issue

Plaintiff's response (DN 41) to Defendant's summary judgment motion raises at least one issue regarding discovery in this case that needs to be addressed.  As part of his discovery in this case, Plaintiff has sought copies of photographs he states were taken of the wrongful incident about which he complains.  A subpoena was issued and served on KSR commanding the production of any such photographs (DNs 33, 34 & 36).  In his response to Defendant's summary judgment motion, Plaintiff states that KSR has refused the Court's Order regarding the photographs.  If Plaintiff believes that KSR has not obeyed the subpoena, he should file a motion for contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure.  KSR may not just ignore the subpoena or refuse to comply.  If KSR had an objection to or issue with the subpoena, it should have moved to quash or modify the subpoena as allowed by Rule 45(d)(3) of the Federal Rules of Civil Procedure.

The Court will not construe Plaintiff's statements about KSR's refusal to comply with this Court's Order as a motion at this time or address this matter further herein in the hope that the parties are able to resolve any dispute that may exist regarding the photographs.

### V.  ORDER

For the reasons stated above, **IT IS ORDERED** that Defendant Hawkins's motion for summary judgment (DN 40) is **DENIED.**

Date:  May 2, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel for Defendants
       Aaron Smith, Warden, KSR, 3001 W. Hwy 146, LaGrange, Ky. 40032
4414.003

8