# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DENNIS J. MIRACLE**                                                                                    **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 3:14CV-P690-JHM**

**JOHN G. REIVOUS** *et al.*                                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motion by Defendants Reivous, Brady, and Hawkins to dismiss this action because Plaintiff Dennis Miracle has failed to notify the Clerk of Court and Defendants' counsel of his change of address (DN 53). For the following reasons, Defendants' motion to dismiss will be granted.

Defendants filed their motion to dismiss on February 13, 2017. In support of their motion, Defendants attach a Kentucky Department of Corrections Notice of Discharge which indicates that Plaintiff was discharged from custody on January 6, 2017 (DN 53-1). Plaintiff's address of record in this case has not been updated since Plaintiff's discharge. His address of record reflects that Plaintiff still is incarcerated at Kentucky State Reformatory (KSR). Plaintiff failed to respond to Defendants' motion to dismiss. Thus, on March 21, 2017, the Court entered an Order giving Plaintiff 30 days to respond to Defendants' motion (DN 54). The Order was mailed to Plaintiff at his address of record in this case and was also mailed to Plaintiff at the address listed on the certificate of service attached to Defendants' motion to dismiss, Catholic Action Center. The document mailed to Plaintiff at KSR was returned to the Court stating, "Return to Sender, Not Deliverable As Addressed, Unable To Forward" (DN 55). The document mailed to the Catholic Action Center address was also returned to the Court stating the same things (DN 56).

The Joint Local Rules of Civil Practice require all *pro se* litigants to "provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel." LR 5.2(e). The Rule further states that "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." *Id*. In the Scheduling Orders entered in this case on May 22, 2015, and June 24, 2015, the Court advised Plaintiff that "[s]hould [he] change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants, or if represented, to Defendants' counsel." (DNs 15 and 20). These Orders also warned Plaintiff that his failure to "notify the Clerk of Court or Defendants of any address change" may result in dismissal of this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. Review of the docket reveals that no action has been taken by Plaintiff in this case since October 3, 2016, over seven months ago. Further, an Order entered by the Court has been returned to the Court as being undeliverable. Plaintiff has failed to update his address after being released from KSR. Because Plaintiff has failed to provide an updated address to the Court, has not taken any action in this case in over seven months, and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with

Local Rule 5.2(e), has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

For these reasons, **IT IS HEREBY ORDERED** that the motion to dismiss (DN 53) is **GRANTED**. The Court will enter a separate Order dismissing this action.

Date: May 16, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.003

3